142     APPELLATE COURTS OF ILLINOIS.

Seymour v. Woodstock & Sycamore Traction Co., 204 Ill. App. 142.

### John Seymour, Appellant, v. Woodstock & Sycamore Traction Company et al., Appellees.

### Gen. No. 6,353.   (Not to be reported in full.)

Appeal from the Circuit Court of De Kalb county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917.

### Statement of the Case.

Suit by John Seymour, complainant, against the Woodstock & Sycamore Traction Company, the Chicago, Waukegan & Fox Lake Traction Company, the Interurban Construction Company of Chicago, the Northeastern Electric Railway Company and the Central Trust Company of Illinois, defendants, to obtain a lien upon the property of the Woodstock & Sycamore Traction Company and the Chicago, Waukegan & Fox Lake Traction Company for certain labor and material furnished for the building of a line of interurban railway for the first-named company. From a decree dismissing the bill as amended, upon demurrer sustained, for want of equity, the complainant appeals.

CLIFFE & CLIFFE and PEFFERS & WING, for appellant.

ZANE, MORSE & McKINNEY, GEORGE BROWN, CHARLES T. ROGERS and T. E. RYAN, for appellees; CLARENCE E. ELDRIDGE, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. LIMITATION OF ACTIONS, § 64*—*what constitutes new cause of action.* Where an original bill for mechanic's lien, filed within

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Seymour v. Woodstock & Sycamore Traction Co., 204 Ill. App. 142.

time, set up as basis for such lien certain contracts between the complainant and certain of several defendants for the construction of and furnishing material for the railroad of a codefendant, and three years later an amendment of such bill was filed setting up contracts, as basis for such lien, between complainant and said codefendant, for whom the railroad was to be built, and alleging that said other defendants were owned and controlled by and sub-sidiary to said codefendant, *held* that a new cause of action was set up in such amendment and same was barred by the statute of limitations.

2. LIMITATION OF ACTIONS, § 104*—*how defense of raised.* Where the fact that a cause of action is barred by the statute of limitations appears on the face of a bill, it can be raised by demurrer.

3. CORPORATIONS, § 516*—*what does not constitute proof of identity of two corporations.* The fact that two corporations may have the same president or the same president and secretary, or that one contractor, a corporation, agrees to pay for work done by delivering stock or bonds of another corporation for which the work was to be done, or that one corporation owned the majority of the stock of another corporation, if it could lawfully hold such stock, is no proof that the two corporations were one and the same company, or that one was a dummy for the other and what one does the other really does.

4. MECHANICS' LIENS, § 183*—*when bill does not state cause of action against railroad company as contractor or subcontractor.* Where a bill for a mechanic's lien set up several contracts by the complainant with different construction companies for the construction of, or furnishing material for, different portions of a certain railroad of another company, all of which companies appeared to have the same officers and were made parties to such bill, and one of the companies with which one of such contracts was made was alleged to own a majority of the capital stock of said railroad company, *held* that such bill stated no cause of action against such railroad company as a contractor or as a subcontractor, no notice as a subcontractor being alleged.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.